Good morning. May it please the Court, my name is Cheryl Frank and I represent the petitioner, Victor Osequeda-Nunez. The issue in this case is whether the crime of indecent exposure under California Penal Code 314.1 is a crime. Counsel, could you put the mic up a little bit? It's a little difficult to hear you. Is the crime involving moral turpitude? Are you conceding that there is a conviction for petty theft? I'm not sure, Your Honor. Well, you'd better find out soon. We have to know what issue they're discussing. For the sake of argument, I'm willing to stipulate that he was convicted. What do you mean for the sake of argument? You're here for an intellectual reason or a client who's going to be deported? Well, if he is convicted of – if he does have the conviction for petty theft, he'd still be available? I know he would be. I want to know whether you are contending on appeal that there was no conviction for petty theft or that it was not established. I'm not contending. Or are we to consider only the other offense? I would like to only talk about the indecent exposure offense. You're only going to talk about it. But that means that you are conceding or not conceding that there was a conviction for petty theft. Or let's say you do not contest the fact that there was a conviction for petty theft. Well, I won't contest that there was a conviction for petty theft. You won't, you say? I want to talk about the indecent exposure. All right. Talk about what you want to talk about. But, you know, that's one thing. The question is what your client's rights are is something else. But talk about what you want to talk about. Well, Your Honor, we were never able to establish. I can't even hear you. We were never able to establish whether he was convicted of petty theft. The government documents state that he was charged. His testimony indicated that he paid a fine. And I never saw documents indicating that he was convicted. I would have to, if I had to guess, I would have to guess that he was convicted. Well, good. I'm glad that's your guess. But let's talk about whatever you want to talk about. Counsel, if I can just suggest something. We have read the briefs. We know what your argument is in the briefs. And when you have oral arguments, pardon me, the purpose is basically for us to be able to fill in the blanks, to be able to ask you questions that are troubling to us. So if I may respectfully suggest this, I think it's in your best interest to try your best to respond to what we're asking. I know you want to talk about a particular thing, but we may already have decided in our mind what's going on with that. I'm not saying we have in this particular case, but I hope you'll indulge us by answering our questions as best you can, because that's really what this is all about. I simply don't have any record of conviction. I don't know. I would assume that he was. I'd like to ask you a specific question that does deal with the topic you want to talk about, and that is this. Can you identify any California case in which there's been a conviction under California's indecent exposure statute, Penal Code Section 314.1, without a sexual motive or intent? Well, the statute defines it as lewd. I understand that. I'm asking whether there are any California case where someone has been convicted where there has not been a showing of sexual motivation or intent. I don't know of one. The closest case is the Mooning case, which was – but I believe that was not – that was – the California courts held that was not a crime of maltreatment. Okay. So you can't identify any. No, I cannot, Your Honor. Okay. So it then appears then under California law that you do have to have lewd intent. And so your client's conviction for indecent exposure must necessarily have included lewd intent at the time that he exposed himself. Well, that's right, Your Honor. And lewd intent does not mean of an evil intent, which is normally associated with a crime involving moral turpitude. Lewd intent does not involve evil intent? It means it's of a sexual nature. And I don't think that just because something is of a sexual nature necessarily means that it is evil. It is an evil intent. I mean, California has been pretty careful to exclude from its indecent exposure statute lewd sunbathing, inadvertent exposure, somebody who had to relieve themselves even if they had to do it in public. I mean, there have been a number of things where people have been charged in California, and the California courts said, no, that doesn't come within our statute. You have to have some kind of exposure with lewd intent. That's right, Your Honor. The word lewd doesn't do it. So why isn't that categorically a crime involving moral turpitude? Well, crimes involving moral turpitude are of a more serious nature, such as incest, abuse against a spouse, and so forth. And this Court did rule in Rodriguez-Herrera that malicious mischief is not a crime to the present facts. So you're equating indecent exposure with malicious mischief? Meaning it's not as serious as incest, which is a crime involving moral turpitude, or abuse of a spouse, or rape, or the traditional crimes involving moral turpitude, not associated with that. Malicious mischief is pretty far off from indecent exposure. And the BIA has held, going back to the 1950s, has dealt with indecent exposure cases. And again, the BIA, like the California courts, looks like it's been fairly careful to say, if we have inadvertent exposure, that's not going to be punishable under state law. That will not be a crime involving moral turpitude. It must involve something more. It looks like California has done precisely what the BIA 40 years ago warned about. So why doesn't this – why do we have 40 years of BIA thinking about that and California acting in conformity with it? Because in the California statute, it's – if you look at the – if you look at the categorical approach, there are parts of it that will not fall under crime of moral turpitude. Like what? I think that was Judge Smith's question just a minute ago. What could be punished under this statute that would not be a crime involving moral turpitude? That the perpetrator has a sexual intent. The victim doesn't even have to notice that it's going on. It's not just sexual intent. It has to be lewd. It has to be lewd intent. Lewd intent meaning sexual gratification? It has to be sexually motivated, calling attention to one's private parts, what the California courts have said. It says exposes the person or the private parts thereof. Right. That's the statute, but the California courts have been quite careful as to what that – as to what that is to be – how that's to be interpreted. Yeah, with respect, counsel, I just appreciate your efforts for your client here, but you're not citing as to any cases that come down where you come down. No, there are no cases on this point. Okay, so basically you're expressing a personal opinion, I'm sure, well considered, but it just seems like, you know, we've got reams of BIA cases, we've got all kinds of California cases, and they all seem to say the exact opposite of what you're saying. So unless you have some other authority, we're really left with the point that you really can't challenge it. Can I just for a moment go to a second subject that you raised in your brief? Yes, Your Honor. What prejudice do you claim that your client suffered from the procedural errors in dealing with the motion to prederment? Well, I would have liked to have briefed the subject in front of the immigration judge and be able to discuss it at that time and also to be able to have the facts presented for his case. I understand, but what prejudice did you suffer? Well, Your Honor, the court local rules state that all motions must be filed 15 days before the court hearing, and in this case the government attorney filed her motion to pretermine the afternoon before the 8.30 a.m. hearing, and the judge granted the motion. I understand, but, you know, we deal all the time with issues, some constitutional, some statutory, where all the rules weren't followed. But usually in order to reverse a case in matters like that, there has to be a showing of harm. If it's constitutional, then you've got to show there's no harm beyond a reasonable doubt, but we don't reach that level here. So my question to you is, given the fact that your client was convicted of this crime, which would bar what we're talking about, even if you had been able to argue it, how in were you prejudiced? Because the judge did not grant voluntary departure to my client, because she said you have two crimes involving moral turpitude. She was following the statute. Yes, Your Honor. So how were you prejudiced? She didn't have any statutory, like, guidance, and there's no case law saying that this crime is a crime involving moral turpitude. But she's just issued that decision, and you've now appealed that to us. If we disagree with you, do you have a due process argument left? No, Your Honor. So everything's really going to turn on how we decide the question of indecent exposure. Yes, Your Honor. All right. Thank you, counsel. May it please the Court. Eric Marcellor for the Attorney General. Because Petitioner's conviction had the requirements that it was both lewd and willful, we believe that it is a crime involving moral turpitude under the statute, and that, therefore, the immigration judge's denial of the application for cancellation of removal was proper, and the petition for review should be denied. Counsel, Ms. Frank argues that lewd intent is not the same as evil intent, which is recognized as a crime involving moral turpitude. Is evil intent a necessary element to be a crime involving moral turpitude? No, it is not, Your Honor. In, I believe it is Gonzales-Alvarado, a 1994 case from this circuit, they said that in cases involving the willful commission of a base or depraved act, evil intent was not required. So though evil intent generally is required for fraud offenses, this Court has held that it is not required for offenses based on a base or depraved  Now, does, have we ever said that the element of lewdness, willful lewdness is, equates to a base or deprived act? I don't believe the Court has said that directly, but we would argue that it is. I'd also point out that the California Supreme Court in Ballard, or I'm sorry, the California Appellate Court in Ballard, found that a violation of Section 314.1, indecent exposure, is a crime involving moral turpitude under California law. That was a case involving whether a prior felony could be brought to the attention for impeachment purposes in a trial, and the California Court determined that it was a crime involving moral turpitude. Lewdness requires that the actor meant to expose himself, which is the willful portion, and the lewdness requires that the conduct is to direct public attention to his We believe that in this case, that constitutes the necessary elements required to find that this case is base and depraved, and that it is, therefore, a crime involving moral turpitude. Thank you. Thank you, Your Honor. This case, there again, will be submitted.
judges: Reinhardt, Bybee, M. Smith